IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA THOMAS | : | Case No. 2:17-cv-857 |
| 2920 Berwick Boulevard | | |
| Columbus, OH 43209, | : | |
| | | |
| Plaintiff, | : | Judge _____ |
| | | |
| v. | : | |
| | | |
| UNUM LIFE INSURANCE COMPANY | : | Magistrate Judge_____ |
| OF AMERICA | | |
| c/o Unum Group | : | |
| 1 Fountain Square | | |
| Chattanooga, TN 37402, | : | |
| | | |
| Defendant. | : | |

## COMPLAINT

For her Complaint against the Defendant, The Unum Life Insurance Company of America, the Plaintiff, Veronica Thomas, states as follows:

### Parties

1.    The Plaintiff, Veronica Thomas, is a former employee of IMPACT Community Action ("Impact"), and is a participant in a long-term disability plan (the "Plan") established by Impact under the terms of the Employee Retirement Income Security Act for the purpose, *inter alia*, of providing long-term disability benefits.

2.    The Defendant, Unum Life Insurance Company of America ("Unum") is, under the terms of Policy No. R0429795 LTD_VOL_09, the insurer of the Plan's long-term disability benefits that are at issue in this case.  Unum, therefore, is the real party in interest with respect to this claim.

**Jurisdiction and Venue**

3.      The Plaintiff's claim arises under ERISA.  Jurisdiction is predicated on 29 U.S.C. §1132.

4.      The Defendant conducts business and administers, in part, its benefits throughout counties in Southern and Eastern Ohio including, *inter alia*, Franklin County.  Under 29 U.S.C. §1132(e)(2), venue is appropriate in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

5.      At all relevant times, Thomas was employed by Impact as an executive administrator.

6.      By virtue of her employment with Impact, Thomas became a participant in the Plan.  The Plan provides, *inter alia*, long-term disability income benefits for persons who are disabled, as defined by the Plan.

7.      Thomas was forced to stop work in 2015 due to disability predicated upon fibromyalgia, back pain, depression, and anxiety.

8.      Thomas timely applied for long-term disability benefits and life insurance waiver of premium benefits under the Plan.

9.      Unum denied Thomas' application for long-term disability benefits and life insurance waiver of premium benefits.

10.      Thomas timely appealed Unum's decisions, submitting additional evidence in support of her claims.

11.      Despite this additional evidence, Unum denied Thomas' appeals.

12.      Thomas has now exhausted her administrative remedies.

**Count I – For Long-Term Disability Benefits**

13.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

14.     Thomas brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks a determination of her right to long-term disability benefits under the terms of the Plan and an award of those benefits.

15.     Thomas remains disabled under the terms of the Plan and is entitled to long-term disability benefits.

16.     Unum's denial of Thomas' claim was arbitrary and capricious because, *inter alia*, Unum ignored the opinion of Thomas' primary care physician, relying instead upon file reviews from a physician who had never examined Thomas.

**Count II – For Waiver of Premium Benefits**

17.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

18.     Thomas brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks a determination of her right to life insurance waiver of premium benefits under the terms of the Plan and an award of those benefits.

19.     Thomas remains disabled under the terms of the Plan and is entitled to life insurance waiver of premium benefits.

20.    Unum's denial of Thomas' claim was arbitrary and capricious because, *inter alia*, Unum ignored the opinion of Thomas' primary care physician, relying instead upon file reviews from a physician who had never examined Thomas.

WHEREFORE, the Plaintiff, Veronica Thomas, demands judgment in her favor and against Unum as follows:

A.  A determination that Thomas is disabled and is entitled to benefits under the Plan;

B.  An award of benefits in the form of a single lump sum representing monthly benefits that Thomas should have received from the date her benefits should have become payable and continuing until the date of judgment;

C.  A further order directing Unum to pay to Thomas a monthly disability benefit, beginning on the date of judgment and continuing until Thomas is no longer disabled under the terms of the Plan;

D.  A further order directing that Thomas's waiver-of-premium benefit be reinstated;

E.  Pre-judgment and post-judgment interest;

F.  Attorney's fees and the costs of this action; and

G.  Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

_____/s/ Tony C. Merry_____
Tony C. Merry          (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff

4